

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

January 19, 1967

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Dear Mr. Resweber:

Opinion No. M- 7

Re: Authority of a sheriff
to release a person
arrested under a writ of
attachment upon the per-
sonal bond of the person
under arrest.

In an opinion request of this office you pose the
following questions:

"1. Can the Sheriff, when authorized to
accept 'bond' of a person arrested under a writ
of attachment for the body of said person,
(which writ issued out of a civil court) release
him on his personal bond without sureties or
other security?

"2. If a personal bond is not acceptable,
are sureties to be required on the 'bond' authorized
under such a civil writ? Are any specific number
of sureties required?

"3. If a personal bond is not acceptable,
and sureties or other security is required, can
the Sheriff accept a cash deposit in lieu of
sureties? Would he be under a duty to accept
cash in lieu of sureties if it were offered to
him?

"4. If a cash deposit in lieu of sureties
is permitted, what procedures should be followed
in handling any funds so collected?"

There is no statute specifically stating what type of
bond is required in order to release one who has been arrested
under a Writ of Attachment for the body of a person, which
writ was issued pursuant to an order of a civil court.

Under Rule 179, Texas Rules of Civil Procedure, and
under certain statutory provisions, Civil Courts can order
attachments for the body of a person. Article 6873, Vernon's

- 22 -

Civil Statutes, directs each sheriff to execute all process and precepts directed to him by legal authority, and make return thereof to the proper court. Failure to do so makes the sheriff liable to be fined by the court as for a contempt.

There being no specific statute which controls this case, the Sheriff can accept a personal bond of the arrested person if the order of the court does not specify or require sureties or other security.

In the absence of specific instructions to the contrary by the court issuing the attachment, the sheriff can require such security as he deems necessary to insure the appearance of the person giving the bond.

In answer to your last question, the sheriff accepting a bond with a cash deposit in lieu of sureties should note such fact on the bond and give the arrested person a receipt therefor and then turn the executed bond and money over to the registry of the court.

## S U M M A R Y

When a sheriff arrests a person under a writ of attachment, issued out of a civil court, in accordance with Rule 179, Texas Rules of Civil Procedure, in his discretion, he may accept a personal bond of the arrested person, if the order of the court does not specify or require sureties or other security. The sheriff accepting a bond with a cash deposit for security should return the executed bond together with the cash deposit to the court from which the attachment issued.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

GJP:lk

Prepared by Gilbert J. Pena
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Douglas Chilton
Monroe Clayton
Malcolm Quick
Milton Richardson
STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.